# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

**Date:   December 3, 2008**

Courtroom Deputy: Ginny Kramer
Court Reporter:  Suzanne Claar
Probation Officer: Robert Ford

_____

**Criminal Case No.   07-cr-00450-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Kurt Bohn |
| v. | |
| EMILIANO D. TRUJILLO,<br>        Defendant. | Rick Williamson |

_____

## SENTENCING MINUTES
_____

**1:35 p.m.     Court in Session.**

The Defendant is present in court (on bond).

Appearances of counsel.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the Defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. §3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3662, 3582(a), and 3553(a)(1)-(7).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#31] filed October 29, 2008, is **granted.** That the Government's Motion for Decrease for Acceptance of Responsibility [# 32] filed October 29, 2008, is **granted**. That the Defendant's Motion for Downward Departure and Sentence Variance [#33] filed November 4, 2008, as to the the Motion for Downward Departure is **denied**. As to the Motion for a Sentence Variance is **granted**.

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Counts One and Two of the Indictment.

4. That pursuant to 18 U.S.C. Section 3583, the defendant is now placed on supervised probation for a term of **five (5) years**, during which time the defendant shall be subject to the jurisdiction of the Court and its Probation Department.

5. That immediately following the conclusion of this sentencing hearing, the defendant shall report in person to Probation Officer Robert Ford, to schedule an appointment and time to read, review, discuss, and sign the conditions of supervised release now required and ordered by this court.

6.  That while on supervised probation, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d).

7.  That while on supervised probation , the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.  That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state or municipal statute, regulation or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use  illegally any controlled substances;

    - that the defendant shall not posses or use any firearm  or any destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA.;

    - that defendant shall submit to one drug test within fifteen days from his  release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall continue as directed by his probation officer to participate in a program of testing and/or treatment, therapy, counseling, testing and/or education for drug abuse, provided furthermore, that during such time the defendant shall abstain from the use of alcohol and all other intoxicants;

    - that the defendant as directed by his probation officer shall continue to participate in a program of mental health treatment, therapy, counseling, testing, and education, until such time as he may be released from such a program either by his probation officer or the court; provided furthermore, that the defendant shall pay the costs of all such treatment;

    - that the Court authorizes and directs the probation officer to release to any treating physician, agency, all psychological reports and/or the presentence report to insure the continuity of treatment;

- that the Defendant shall at all times remain medication complaint and shall take all medications that are prescribed by any treating physician or psychiatrist;

- that the Defendant shall cooperate with random blood tests as requested wither by his supervising probation officer or by his treating physician or psychiatrist to insure that a therapeutic level of prescribed medication is maintained;

- that the Defendant shall be subject to in-home detention for a term of **six (6) months**, to commence within twenty-one (21) days of today's date, as directed, arranged, scheduled and coordinated by the Defendant's probation officer, having the full and complete cooperation of the defendant; providing furthermore, that the defendant shall pay all costs and expenses necessary to implement, facilitate, and maintain in-home detention; and

- that the defendant in serving in-home detention shall remain inside his current residence except for furloughs for employment, medical, or dental appointments and/or other activities approved in advance by this probation officer.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment of $200.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583 D are enforced.

Defendant waives formal advisement of appeal.

**2:45 p.m.    Court in Recess.**

*Total in court time:   1 hour and 10 minutes -Hearing concluded*